**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAYRANUSH ABRAHAMYAN, | No. 10-71523 |
| Petitioner, | Agency No. A089-675-246 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 3, 2014[**]
Pasadena, California

Before:  REINHARDT, FISHER and MURGUIA, Circuit Judges.

Mayranush Abrahamyan petitions for review of the denial of her application

for asylum, withholding of removal and for protection under the Convention

Against Torture (CAT).  We deny the petition.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Considering the totality of the circumstances, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The IJ identified several specific inconsistencies in Abrahamyan's account, most notably with respect to whether her neighbors witnessed her being taken from her home. The IJ found that Abrahamyan repeatedly became evasive and provided non-responsive or implausible answers when asked to explain this and other inconsistencies. These consistency and demeanor findings are supported by record. Moreover, because the details, specificity and plausibility of Abrahamyan's testimony as a whole were insufficient to overcome these inconsistencies and her evasive explanations, substantial evidence supports the IJ's finding that Abrahamyan's claim was left without the requisite ring of truth. *See Shrestha v. Holder*, 590 F.3d 1034, 1039-44 (9th Cir. 2010).

Abrahamyan does not dispute that if the agency properly discounted her testimony, she did not carry her burden of demonstrating her entitlement to asylum. She also did not meet the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). She waived any challenge to the denial of her application for CAT relief by failing to raise it in her opening brief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

2

We decline to consider the other grounds for denying the petition raised by the government.

**DENIED.**